IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RODNEY B. | * | |
| | * | |
| v. | * | Civil Case No. GLR-18-3443 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |

*************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-dispositive motions.[1] ECF 12, 15. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, I recommend that the Commissioner's motion be granted and Plaintiff's motion be denied.

Plaintiff was found disabled and entitled to Supplemental Security Income ("SSI") benefits on July 29, 2010. Tr. 88. On March 31, 2015, the Commissioner determined that Plaintiff was no longer disabled as of January 15, 2015. Tr. 89-94. Plaintiff sought reconsideration, but the original determination was upheld by a Disability Hearing Officer. Tr. 101-13. After a hearing on August 9, 2017, an Administrative Law Judge ("ALJ") issued an opinion on October 26, 2017, affirming the determination that Plaintiff's disability had ended as of January 15, 2015, and finding that

---

[1] After the Commissioner filed his Motion for Summary Judgment on August 2, 2019, ECF 15, a Rule 12/56 letter was mailed to Plaintiff, who proceeds *pro se*, advising him of the potential consequences of failure to oppose the Commissioner's motion. ECF 16. Plaintiff did not file a response.

Plaintiff had not become disabled again since that date. Tr. 19-27. The Appeals Council denied review, making the ALJ's decision the final, reviewable decision of the Agency. Tr. 1-5.

The ALJ evaluated Plaintiff's claim using the appropriate sequential process for determining whether a disability has ended, as set forth in 20 C.F.R. § 416.994. The ALJ determined that the "comparison point decision" was the decision finding Plaintiff disabled on July 29, 2010 as a result of schizoaffective disorder. Tr. 20. The ALJ concluded that Plaintiff's condition after January 15, 2015 did not meet the listings within Section 12.03 (Schizophrenia spectrum). Tr. 21-22. The ALJ found that, although Plaintiff continued to suffer from the same disorder through the date of the ALJ's opinion, medical improvement had occurred as of January 15, 2015. Tr. 22. In finding medical improvement, the ALJ relied on the fact that Plaintiff suffered from delusions and required multiple inpatient hospitalizations during his period of disability, but his "[t]reating records since the [comparison point decision] show no inpatient treatment to address [Plaintiff's] schizophrenia." *Id.* Despite the fact that Plaintiff continued to have the same severe impairment, the ALJ determined that, as a result of medical improvement as of January 15, 2015, Plaintiff retained the residual functional capacity ("RFC") after that date to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: Claimant can perform simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements involving only simple, work-related decisions with few, if any, workplace changes. Claimant can perform work involving occasional interaction with coworkers, supervisors, and the public.

*Id*. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform several jobs existing in significant numbers in the national economy, and that, therefore, he was not disabled. (Tr. 27).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review

of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings).  For the reasons described below, substantial evidence supports the ALJ's decision.

An ALJ follows an eight-step sequential analysis to review the SSA's determination that a claimant is no longer disabled.  *See* 20 C.F.R. § 416.994(b)(5).  At step one, the ALJ determines whether the claimant has an impairment, or a combination of impairments, that meets or medically equals the criteria of a listed impairment.  § 416.994(b)(5)(i).  At step two, the ALJ determines whether medical improvement has occurred, § 416.994(b)(5)(ii), and, at step three, whether the medical improvement is related to the claimant's ability to work, § 416.994(b)(5)(iii).  At step four, the ALJ will determine whether an exception to medical improvement applies in those cases where the ALJ did not find a medical improvement or found that the medical improvement was not related to the claimant's ability to work.  § 416.994(b)(5)(iv).  At step five, the ALJ determines whether the claimant's impairments are severe.  § 416.994(b)(5)(v).  At step six, the ALJ assesses the claimant's RFC, and whether the claimant can perform past relevant work.  § 416.994(b)(5)(vi). The analysis concludes at step seven where the ALJ determines whether other work exists that the claimant can perform given his or her age, education, past work experience, and RFC.  § 416.994(b)(5)(vii).  In certain cases, step eight allows the ALJ to proceed to step seven without making a finding under step six.  § 416.994(b)(5)(viii).

At step one, the ALJ accurately and appropriately referred to evidence, with record citations, to support his conclusions in evaluating whether Plaintiff's condition met or medically equaled or was functionally equivalent to any listing.  Tr. 21-22; *see* 20 C.F.R. § 416.994(b)(5)(i).

The ALJ specifically considered Listing 12.03, and applied the special technique applicable to mental impairments. Tr. 21. The technique requires analysis of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(A), (G) (2018). A claimant's impairment meets Listing 12.03 by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A)(2). Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. 20 C.F.R. § 416.920a(c)(4). A claimant must show extreme limitation in one area, or marked limitation in two areas, to be deemed to have met the paragraph B criteria. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.03(B) (2018).

The ALJ first determined that Plaintiff had not met the paragraph A criteria because "there is no medical documentation of delusions, disorganized thinking or grossly disorganized behavior." Tr. 21. As for the B criteria, the ALJ found that Plaintiff had only mild limitations in his ability to understand, remember, or apply information, and his ability to concentrate, persist, or maintain pace. Tr. 21-22. The ALJ cited to Plaintiff's hearing testimony and activities of daily living, including Plaintiff's successful completion of an undergraduate degree with a 3.4 GPA, enrollment in full-time graduate courses, and studying for the Law School Admissions Test. *Id.* The ALJ additionally found that Plaintiff had moderate limitations in his ability to interact with

others, and his ability to adapt or manage himself. *Id.* The ALJ noted that Plaintiff "sometimes talks aloud but he is able to manage," and, although public transportation makes him anxious, Plaintiff travels independently, lives alone, cooks, cleans, and shops at the mall on a weekly basis. *Id*; Tr. 85-86. Therefore, the ALJ properly concluded that Plaintiff's condition did not functionally equal a listing.

At step two, the ALJ determined that there had been a decrease in the medical severity of Plaintiff's impairment since January 15, 2015. Tr. 22; *see* 20 C.F.R. § 416.994(b)(5)(ii). The ALJ supportably pointed to the absence of evidence since Plaintiff's period of disability showing that Plaintiff "suffered from delusions" or required "inpatient treatment to address [Plaintiff's] schizophrenia." *Id.* At step three, the ALJ found that the medical improvement had affected Plaintiff's ability to work because it "resulted in an increase in [Plaintiff's] [RFC]." Tr. 25; *see* 20 C.F.R. § 416.994(b)(5)(iii). Next, at step five, the ALJ considered the severity of the impairment that Plaintiff claimed prevented him from working, and found that the impairment continued to be severe.[2] Tr. 26; *see* 20 C.F.R. § 416.994(b)(5)(v).

In considering Plaintiff's RFC at step six, the ALJ summarized Plaintiff's hearing testimony, along with a detailed review of his medical records. Tr. 23-25; *see* 20 C.F.R. § 416.994(b)(5)(vi). The ALJ noted, among other findings, that Plaintiff had not been hospitalized since 2010, nor had he cut himself since his hospitalization in 2009. Tr. 23. The ALJ acknowledged Plaintiff's schizophrenia diagnosis, and cited to Plaintiff's mental health records as routinely demonstrating that he was doing well and was stable on medication. Tr. 23-24; *see, e.g.*, Tr. 615-43, 682-709, 710-29, 730-51 (treatment records showing Plaintiff was generally

---

[2] Step four is inapplicable in this case because the ALJ found that a medical improvement had occurred at step two, and that the medical improvement was related to Plaintiff's ability to work at step three. *See* 20 C.F.R. § 416.994(b)(5)(iv).

5

cooperative, with euthymic mood, no delusions, coherent thought process, normal thought content, fair to good insight and judgment, and good to very good response to treatment).

The ALJ also assessed and made assignments of weight to the medical opinions in the record. Tr. 24-25. In particular, the ALJ gave little weight to a joint statement dated June of 2015 from Plaintiff's psychiatrist, Dr. Viloria, and Plaintiff's therapist, Rick Suskind, opining that "[i]n spite of all the progress [Plaintiff] has made," they "[did] not believe he [would] be able to remain psychiatrically stable under the demands of employment." Tr. 679. The ALJ gave their statement little weight due to its inconsistency with their treatment records and with Plaintiff's activities of daily living. Tr. 25. The ALJ noted that in a statement dated March of 2015, Dr. Viloria wrote that Plaintiff was socially appropriate with medication and had no restrictions of daily living as long as he was receiving treatment. Tr. 24, 662.

The ALJ gave the two State agency assessments partial weight because Drs. Moore and Walcutt concluded that Plaintiff did not have a severe impairment, whereas the ALJ found that Plaintiff's schizophrenia was severe and that the impairment resulted in some limitations, especially in social functioning. Tr. 25, 644, 676. However, the ALJ noted that Plaintiff "appear[ed] to be managing quite well despite his limitations," including graduating from college, living independently, dining out with his girlfriend, shopping, going to the movies, exercising, and preparing his own meals. Tr. 25.

The ALJ determined that Plaintiff had no past relevant work.[3] Tr. 26. Accordingly, the ALJ proceeded to the last step in the analysis and considered the impact of Plaintiff's age, level of education, and RFC on his ability to adjust to new work. Tr. 26-27; *see* 20 C.F.R. §

---

[3] Plaintiff's past work did not satisfy the duration requirement to be considered past relevant work. Tr. 26. Had Plaintiff continued at his job, his income would have been above the SGA level of $1,130 for the month. *Id.*

6

416.994(b)(5)(vii). In doing so, the ALJ cited the VE's testimony that a person with Plaintiff's RFC would be capable of performing certain jobs. Tr. 27, 84. Based on the VE's testimony, the ALJ concluded that Plaintiff was capable, with his impairment after January 15, 2015, of successfully adjusting to jobs that exist in significant numbers in the national economy. Tr. 27. The ALJ's reliance on the VE's testimony constitutes substantial evidence supporting the ultimate conclusion that Plaintiff was not disabled.[4]

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court DENY Plaintiff's Motion for Summary Judgment, ECF 12, GRANT Defendant's Motion for Summary Judgment, ECF 15; and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: September 11, 2019                                            /s/
                                                                    Stephanie A. Gallagher
                                                                    United States Magistrate Judge

---

[4] This Court notes that Plaintiff's Motion contends that "[a] genuine issue of fact exists to the sufficiency of Plaintiff affirmative defense of statute of legal representation for maintaining his benefits and wellbeing." ECF 12 at 5. It is unclear whether Plaintiff argues that he was denied representation. I note that Plaintiff was advised of his right to representation at both the Pre-Conference Hearing, Tr. 37-40, and at the ALJ hearing, Tr. 50-51.